IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.:   08-61503-CIV-COHN/SELTZER

ROBERT SHAVE,

Plaintiff,

vs.

STANFORD COINS & BULLIONS, INC.,

Defendant.

_____/

## ORDER GRANTING IN PART MOTION TO DISMISS
## ORDER TO SHOW CAUSE TO PLAINTIFF WHY CASE SHOULD NOT BE STAYED
## PENDING RESOLUTION OF RECEIVERSHIP ACTION AGAINST RELATED ENTITIES

THIS CAUSE is before the Court upon Defendant's Motion to Dismiss (filed in state court) and Memorandum of Law in Support of the Motion [DE 6], the parties' Agreed Motion for Leave to Exchange Rule 26(a) Disclosures One Business Day Out of Time [DE 14] and Defendant's Notice of Stay [DE 18].  The Court has carefully considered the motions, memorandum, and Plaintiff's Opposition to the motion to dismiss, filed in state court prior to removal of this action, and is otherwise fully advised in the premises.  The Court regrets the delay in resolving this motion.

### I.  BACKGROUND

Plaintiff Robert Shave ("Plaintiff"), a 70-year old retired golf professional and part-time groundskeeper, filed this action for damages of over $400,000 he sustained after investing in rare coins sold by Stanford Coins & Buillion, Inc. ("Defendant").  The case was initially filed in state court against Defendant and an allegedly related Florida entity, Stanford Financial Group Company.  After Plaintiff dismissed the Florida entity,

Defendant removed this case to this Court based upon diversity jurisdiction.[1]

Plaintiff's Complaint contains claims for violations of the Florida Investment Protection Act, common law negligence, breach of fiduciary duty, and "Elderly Financial Abuse."  Plaintiff alleges that representatives of Defendant abused his trust in them and repeatedly sold him rare coins as investments over a three year period.  These transactions resulted in large commissions for Defendant while nearly always resulting in substantial losses to Plaintiff, even when Defendant bought some coins back.

Defendant has moved to dismiss each of the four claims for various reasons. Plaintiff opposes the motion.  After removal of this case to this Court, the Court directed Defendant, pursuant to Local Rule 7.2, to file a memorandum of law in support of its still pending state court motion to dismiss.  Defendant filed a memorandum in this Court, but Plaintiff did not respond.  However, Plaintiff's state court response, found at page 41 of Exhibit 2 to docket entry 1, does contain citations to case law, so the Court will determine the motion on its merits.

---

[1]  Defendant has filed a Notice of Stay regarding an action by the United States Securities and Exchange Commission in which the Northern District of Texas has appointed a receiver for Stanford International Bank and Stanford Group Company. Defendant's counsel asserts that the remaining Defendant in the present action is a related entity.  Upon review of the orders from the Northern District of Texas, this Court retains jurisdiction and authority to at least resolve the present motions.  Whether Plaintiff is considered a "creditor" under the receivership order from the Northern District of Texas, and is therefore precluded from pursuing this action in this Court is not an issue before this Court at this time.

## II.  DISCUSSION

### A.  Motion to Dismiss Standard

Until the Supreme Court decision in <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007), courts routinely followed the rule that, "a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff could prove no set of facts in support of his claim which would entitle him to relief."  <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957); <u>Marsh v. Butler County</u>, 268 F.3d 1014, 1022 (11th Cir. 2001).  However, pursuant to <u>Twombly</u>, to survive a motion to dismiss, a complaint must now contain factual allegations which are "enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  550 U.S. at 555.   "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." <u>Id.</u>  Taking the facts as true, a court may grant a motion to dismiss when, "on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action."  <u>Marshall Cty. Bd. of Educ. v. Marshall Cty. Gas Dist.</u>, 992 F.2d 1171, 1174 (11th Cir. 1993).

### B.  Florida Investment Protection Act

Defendants assert that the rare coin investments are not "securities" under the Florida Securities and Investor Protection Act,  Fla. Stat. § 517.011 *et seq.*, citing to

various cases, including <u>S.E.C. v. Belmont Reid & Co., Inc.</u>, 794 F.2d 1388, 1391 (9th Cir. 1986).  Plaintiff argues that the cause of action in Fla. Stat. § 517.301 allows actions related to the sale of securities or "the rendering of any investment advice," and that the sale of coins in this case represents an "investment" covered under the Act. <u>Waters v. International Precious Metals Corp.</u>, 172 F.R.D. 479, 492 (S.D.Fla 1996).

Upon a review of the statute and allegations in the Complaint, the Court agrees with Plaintiff that he has sufficiently stated a claim under Fla. Stat. § 517.301.  Plaintiff has alleged that Defendant has engaged in misrepresentations with regard to advising Plaintiff concerning his investments in rare coins with Defendant.  The allegations as to this claim are not conclusory and not subject to dismissal.

## C.  Breach of Fiduciary Duty and Negligence Claim

Defendant argues that Plaintiff cannot allege that a fiduciary duty existed between Defendant and Plaintiff, and that the claim is barred by the Economic Loss Rule.[2]  The "elements of a claim for breach of fiduciary duty are: the existence of a fiduciary duty, and the breach of that duty such that it is the proximate cause of the

---

[2]  Defendant argues that a lack of such duty also dooms the negligence claim, but does not separate the claims in its argument.  Thus, the Court will also not engage in a separate duty analysis.  While any such duty would be similar for both claims, the Court could foresee that a duty could exist for the negligence claim but yet the relationship did not rise to the level of a fiduciary relationship (to state a claim for negligence under Florida law, a plaintiff must allege a duty of care owed by the defendant to the plaintiff, breach of that duty of care, causation and resulting damages. <u>Mosby v. Harrell</u>, 909 So.2d 323, 327 (Fla. Dist. Ct. App. 2005)).  Because the Court finds that the breach of fiduciary duty claim should go forward, the same result would apply to the common law negligence claim.

Plaintiff's damage." Gracey v. Eaker, 837 So.2d 348, 353 (Fla. 2002). These duties have been found in the context of a mental health therapist and patient, physician and patient, corporate officer to corporation, or a bank disclosing sensitive documents to a third party. Id. In Lanz v. Resolution Trust Corp., 764 F.Supp. 176, 179 (S.D.Fla. 1991), the court concluded that absent evidence that a creditor recognized, accepted or undertook the duties of a fiduciary, such a relationship would not be presumed. Plaintiff alleges that Defendant touted itself as an "expert" in trading numismatic coins and that Plaintiff relied upon its representatives' advice. Compl. ¶¶ 24, 30, 39. Plaintiff further alleges that Plaintiff explained to Defendant's representatives that he was seeking a conservative investment strategy. Id. ¶ 36. In the claim itself at ¶¶ 96-106, Plaintiff explains how Defendant used its superior skill and knowledge to defraud Plaintiff of his funds.

Defendant argues that Plaintiff has failed to allege that Stanford undertook or accepted to advise or counsel him. However, the cases relied upon by Defendant involve more of an arms-length transaction in which allegations of superior knowledge were deemed insufficient to create a fiduciary duty. Taylor Woodrow Homes v. 4/46-A Corp., 850 So.2d 536, 540-41 (Fla.Dist.Ct.App. 2003). In Williams-Garrett v. Murphy, 106 F.Supp.2d 834, 841 (D.S.C. 2000), a coin collector case decided on summary judgment, the plaintiff failed to give sufficient evidentiary support to her claim for breach of a fiduciary relationship. The Court notes that at this point, the record indicates that Plaintiff has no coin collector experience, but rather is just a 70 year-old looking for a safe investment who was solicited by Defendant's agents, as opposed to a coin collector

dealing with a coin dealer.

The Court concludes that at this stage of the litigation, Plaintiff has sufficiently pled a cause of action for breach of a fiduciary duty.  Defendant may still attack the sufficiency of this relationship at the summary judgment stage after discovery.  The Court does not conclude that every investor-investment firm relationship creates a fiduciary duty.  Rather, the "issue whether a fiduciary relationship exists will generally depend upon the specific facts and circumstances surrounding the relationship of the parties and the transaction in which they are involved."  Taylor Woodrow Homes, 850 So.2d at 540.

Defendant also argues that the Economic Loss Rule precludes such a claim because the harm is limited to contractual loss from each sales contract.  Plaintiff argues that the conduct complained of is independent of any breach of contract.  See HTP, Ltd. v. Lineas Aereas Costarricenses, S.A., 685 So.2d 1238, 1239 (Fla. 1996) (tortious interference independent claim).  The key determination is whether the alleged fraud occurs "in connection with misrepresentations, statements or omissions which cause the complaining party to enter into a transaction. . . [or] where the fraud complained of relates to the performance of the contract."  Allen v. Stephan Co., 784 So.2d 456, 457 (Fla.Dist.Ct.App. 2000); Medalie v. FSC Securities Corp., 87 F.Supp.2d 1295, 1305 (S.D.Fla. 2000).  The Court agrees with Plaintiff that as pled, the allegedly tortious conduct occurred at least in part in connection with Plaintiff's decisions to invest more money with Defendant, Compl. ¶ 96, and is therefore not barred by the economic loss rule.  The motion to dismiss this claim is denied.

### D.  Adult Protective Services Act

Turning first to Plaintiff's claim for "elderly financial abuse," this claim falls under

Florida's Adult Protective Services Act.  Fla. Stat. § 415.101 et seq.  A "vulnerable adult"

may sue for damages if they have been abused, neglected, or exploited and recover

damages for such abuse, neglect or exploitation.  Fla. Stat. § 415.1111.  Defendant

asserts that Plaintiff has failed to plead sufficient facts to meet the statutory definitions

of "vulnerable adult" and "exploitation."   Florida Statutes define "vulnerable adult" as:

> (26) "Vulnerable adult" means a person 18 years of age or older whose
> ability to perform the normal activities of daily living or to provide for his or
> her own care or protection is impaired due to a mental, emotional, long-
> term physical, or developmental disability or dysfunctioning, or brain
> damage, or the infirmities of aging.

Fla. Stat. § 415.102(26).

> "Exploitation" may include, but is not limited to:
>
> 1. Breaches of fiduciary relationships, such as the misuse of a power of
> attorney or the abuse of guardianship duties, resulting in the unauthorized
> appropriation, sale, or transfer of property;
> 2. Unauthorized taking of personal assets;
> 3. Misappropriation, misuse, or transfer of moneys belonging to a
> vulnerable adult from a personal or joint account; or
> 4. Intentional or negligent failure to effectively use a vulnerable adult's
> income and assets for the necessities required for that person's support
> and maintenance.

Fla. Stat. § 415.102(7)(b).

Defendant asserts, correctly, that Plaintiff has failed to plead his status as a

vulnerable adult.  Plaintiff alleges in his Complaint that Mr. Shave is vulnerable

"because of his advanced age, widowhood, lack of knowledge and understanding of

investment strategies and theories, and his separate need for prudent investment

advice."  Complaint, ¶ 2.  Mr. Shave is also described as "a 70 year old retired widower with limited income, education and investment experience," who was "financially unsophisticated and vulnerable as a result of a combination of advanced age, widowhood, pronounced need for sound investment advice, limited income, and lack of knowledge and investment experience.  Compl. ¶¶ 67, 70, 111.  Plaintiff has failed to allege the elements of the statutory definition, that is, that the person is unable to perform the normal activities of daily living due to some disability, dysfunctioning or infirmities of age.  <u>Woodruff v. TRG-Harbour House, Ltd.</u>, 967 So.2d 248, 250 (Fla.Dist.Ct.App. 2007).  Rather, Plaintiff has only stated that Plaintiff is vulnerable in a conclusory fashion, and thus cannot pass the <u>Twombly</u> test.

## III.  CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1.	Defendant's Motion to Dismiss (filed in state court) is hereby **Granted in Part**;

2.	The Claim in Count IV, for "Elderly Financial Abuse" pursuant to Florida's Adult Protective Services Act, is hereby **DISMISSED**;

3.	The Parties' Agreed Motion for Leave to Exchange Rule 26(a) Disclosures One Business Day Out of Time [DE 14] is hereby **GRANTED**, *nunc pro tunc*;

4.	Plaintiff shall show cause by July 8, 2009, why this case should not be stayed pursuant to the orders entered by the United Stated District Court for the Northern District of Texas and the remaining claims be subject to the

Receivership orders.

**DONE AND ORDERED** in Chambers, at Fort Lauderdale, Broward County,

Florida, this 19th day of June, 2009.

_____
JAMES I. COHN
United States District Judge

Copies furnished to:

Scott L. Silver, Esq.
Jeffrey L. Cox, Esq.
Jonathan Butler, Esq.
Ronald Shindler, Esq.

9